UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY EDGAR GREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV979SNL |
| ) | |
| ST. LOUIS CITY JUSTICE CENTER, ) | |
| ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* pre-trial detainee plaintiff has filed this §1983 action alleging a variety of misconduct, mostly regarding medical care, against numerous defendants. This matter is before the Court on defendants' Fields and Stubblefield's motion to dismiss (#14), filed August 7, 2007. As of today's date, plaintiff has failed to file a response.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual

allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.").

Although all allegations of material fact are to be taken as true and construed in a light most favorable to the plaintiff, especially with regard to a *pro se* plaintiff, a court must reject conclusionary allegations of law and unwarranted inferences. Silver v. H & R Block, Inc., 105 F.3d. 394, 397 (8th Cir. 1997); In Re Syntex, 95 F.3d. 922, 926 (8th Cir. 1996). All plaintiff alleges, as regards these two (2) defendants, is that they "refuse to respond to any of [plaintiff's] IRR's regarding these issues [medical treatment for alleged hand injury]. They're failing to provide a safe atmosphere for me." Plaintiff's Complaint, pg. 7.

Defendants contend that plaintiff cannot state a claim under §1983 for failure to process grievances; cannot state a claim under §1983 for "unsafe environment" based only on vague and generalized conclusions; and finally, has failed to exhaust his administrative remedies.

Inmates do not have a constitutional protected right to a grievance procedure; thus, the defendants' alleged failure to process plaintiff's grievances, without more, is not actionable under §1983. *See*, Lomholt v. Holder, 287 F.3d. 683, 684 (8th Cir. 2002); Buckley v. Barlow, 997 F.2d. 494, 495 (8th Cir. 1993). Even if plaintiff's claim were construed to be one for failure to follow prison policy regarding processing of grievances; this too fails to state a constitutional violation. *See*, Gardner v. Howard, 109 F.3d. 427, 430 (8th Cir. 1997)(no §1983 violation for failure to follow prison policy).

Furthermore, although plaintiff may have attempted to assert an Eighth Amendment violation for failure to protect and/or failure to provide medical care, his allegations are insufficient to state a claim. His complaint alleges no facts from which inference could be made that these defendants actually knew of, and responded unreasonably to, any substantial risk of

3

serious harm from other inmates or corrections officers.[1]  As for his medical care claims, these generalized allegations are nothing more than plaintiff's disagreement with medical treatment and his own opinion as to what treatment he should receive based upon self-diagnosis.  A mere disagreement with a course of treatment or medical diagnosis fails to state an Eighth Amendment medical claim.  Smith v. Marcantonio, 910 F.2d. 500, 502 (8th Cir. 1990); Lair v. Oglesby, 859 F.2d. 605, 606 (8th Cir. 1988).  Furthermore, inmates do not have a constitutional right to any particular type of treatment. Long v. Nix, 86 F.3d. 761, 765 (8th Cir. 1996).  "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, at 765 (citations omitted).

The Court will grant the instant motion based upon plaintiff's failure to state any claim under §1983 as to these two (2) defendants.  However, the Court does note that defendants' third ground for dismissal; i.e. failure to exhaust administrative remedies, would probably not have been successful if plaintiff had filed a response raising the defendants' refusal to process his grievances as cause to deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Fields and Stubblefield's motion to dismiss (#14) be and is **GRANTED.**  Defendants Fields and Stubblefield are hereby **DISMISSED** from this cause of action.

---

[1] All plaintiff has alleged is a single incident of excessive force by another correctional officer referred to as "defendant Unknown Smith".

4

Dated this __18th__ day of September, 2007.

                                                                                  */s/ Stephen N. Limbaugh*
                                                         SENIOR UNITED STATES DISTRICT JUDGE